IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-03213-SKC

V.M.,

     Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION

     Defendant.

---

## OPINION & ORDER

---

This action is before the Court under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and 1381 *et seq.*, for review of the Commissioner of Social Security's ("Commissioner" or "Defendant") final decision denying Plaintiff V.M.'s[1] applications for disability insurance benefits (DIB) and supplemental security income (SSI). The Court has carefully considered the parties' briefs, the social security administrative record, and applicable law. No hearing is necessary.

Because the ALJ applied the correct legal standards and substantial evidence in the record supports her findings and the Final Decision, the Court AFFIRMS the Final Decision. Any error committed by the ALJ was harmless.

---

[1] This Opinion & Order identifies Plaintiff by initials only per D.C.COLO.LAPR 5.2.

## BACKGROUND

This action arises from Plaintiff's applications for DIB and SSI under the Social Security Act claiming she became disabled beginning September 1, 2020. Plaintiff appeared and testified at an administrative law hearing on June 8, 2023, before Administrative Law Judge Kathleen Laub (ALJ). Attorney Kathryn Bailey and non-attorney Ricky Gar Stern represented Plaintiff at the hearing.

The ALJ issued her written Decision on July 19, 2023. AR: 23. She determined Plaintiff had not been under a disability from the September 1, 2020, onset date through the date of her Decision. Plaintiff then requested review by the Appeals Council, which denied her request, and in doing so, the ALJ's Decision became the Final Decision of the Commissioner of Social Security. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted). Plaintiff then timely filed this action. The Court has jurisdiction to review the Final Decision under 42 U.S.C. § 405(g).

## DIB/SSI FRAMEWORK

A person is disabled within the meaning of the Social Security Act "only if [her] physical and/or mental impairments preclude [her] from performing both [her] previous work and any other 'substantial gainful work which exists in the national economy.'" *Wilson v. Astrue*, No. 10-cv-00675-REB, 2011 WL 97234, at *1 (D. Colo. Jan. 12, 2011) (citing 42 U.S.C. § 423(d)(2)). "The mere existence of a severe impairment or combination of impairments does not require a finding that an

individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months." *Id.* "[F]inding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that [she] can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job [she] finds for a significant period of time." *Fritz v. Colvin*, 15-cv-00230-JLK, 2017 WL 219327, at *8 (D. Colo. Jan. 18, 2017) (emphasis original) (quoting *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994)).

The Social Security Regulations outline a five-step process to determine whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.

3

> This determination is made based on the claimant's age, education, work experience, and residual functional capacity.

*Wilson*, 2011 WL 9234, at *2 (citing 20 C.F.R. § 404.1520(b)–(f)); *see also* 20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). Impairments that meet a "listing" under the Commissioner's regulations (20 C.F.R. § Pts. 404 and 416, Subpt. P, App. 1) and a duration requirement are deemed disabling at Step Three with no need to proceed further in the five-step analysis. 20 C.F.R. § 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."). Between the Third and Fourth steps, the ALJ must assess the claimant's residual functional capacity (RFC). *Id*. § 416.920(e). The claimant has the burden of proof in Steps One through Four. The Commissioner bears the burden of proof at Step Five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

The ALJ's Decision tracks the five-step process. At Step One, she found Plaintiff had not engaged in substantial gainful activity (SGA) since the alleged onset date. AR: 25-26. At Step Two, she found Plaintiff has the following severe, medically determinable impairment: degenerative disc disease of the cervical spine. *Id*. at 26. At Step Three, she found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. She then found Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) but with the following exertional limitations: the claimant can occasionally climb ladders, ropes or scaffolds; she can frequently climb ramps or stairs, balance, stoop, kneel, and crouch. She can occasionally crawl. She can frequently reach overhead with the bilateral upper extremities. She can tolerate occasional exposure to hazards such as unprotected heights and heavy mechanical machinery (such as a jackhammer or tractor).

AR: 19.

At Step Four, the ALJ determined Plaintiff was unable to perform any past relevant work. *Id.* at 31. And at Step Five, she found there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including cashier, housekeeper, and routing clerk. *Id.* at 32. Accordingly, the ALJ determined Plaintiff was not disabled during the relevant period.

## STANDARD OF REVIEW

In reviewing the Commissioner's Final Decision, the Court's

> review is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a scintilla, but less than a preponderance.

*Lee v. Berryhill*, 690 F. App'x 589, 590 (10th Cir. 2017) (internal quotations and citations omitted, citing *inter alia Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive").

A court may not reverse an ALJ just because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing the ALJ's decision was justified. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "We review only the sufficiency of the evidence, not its weight . . . . Although the evidence may also have supported contrary findings, we may not displace the agency's choice between two fairly conflicting views." *Lee*, 690 F. App'x at 591-92. Nevertheless, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). A reviewing court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 7 1070 (10th Cir. 2007). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

## ANALYSIS

Plaintiff makes two arguments claiming error by the ALJ: (1) the ALJ's RFC is not supported by substantial evidence because she mischaracterized evidence in the record and failed to adequately evaluate and sufficiently explain her consideration of the consultative examiner, Dr. Joseph G. Sever; and (2) the ALJ failed to properly evaluate Plaintiff's subjective symptoms under SSR 16-3p.

### 1. The RFC Findings

Plaintiff argues the ALJ's RFC is unsupported by substantial evidence because she mischaracterized the evidence in the record and failed to properly evaluate the opinion of Dr. Sever. She asserts the ALJ's explanation was lacking in supportability and consistency with the record due to the ALJ's "harmful mischaracterization" of the evidence in the record. Plaintiff argues the ALJ misstated Plaintiff's testimony and evidence in the record that resulted in a mitigating effect on the severity of Plaintiff's symptoms.

All these arguments equate to a request of this Court to reweigh the evidence which the Court cannot do. For example, in support of these arguments, Plaintiff says "the ALJ's statements are made in error because Plaintiff never testified that she was capable of carrying her 26–30-pound grandchild." Dkt. 11, p.14. But the ALJ's finding is supported by Plaintiff's own testimony. At the hearing, Plaintiff testified she "can't barely lift him anymore *but I'll carry him*[.]" AR: 55 (emphasis added). While there are medical records showing Plaintiff reported she no longer carries her grandson, it was up to the ALJ to weigh this evidence and determine the credibility of Plaintiff's testimony at the hearing. For the Court to second-guess the ALJ's findings now would require a re-weighing of the evidence which is not within the Court's purview. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

In another example, Plaintiff asserts the ALJ erred in determining Plaintiff had normal balance despite Plaintiff testifying at the hearing to moving in with her

son due to falls in the shower and having to use a walker or lean on the wall to enter and exit the bathtub. Yet the ALJ correctly noted that most of Plaintiff's medical records state she appeared to have normal strength, balance, gait, transfers, and normal range of motion. The ALJ also properly highlighted the fact that Social Security Regulations provide that an individual's subjective complaints shall not alone be conclusive evidence of disability. AR: 31.

Plaintiff claims further that the ALJ failed to address the supportability of Dr. Sever's opinion by citing to "broad categories of evidence" without providing any further explanation. In rebuttal, Defendant notes the ALJ outlined Plaintiff's medical findings over time in detail and conclusively found them to be unremarkable.

The ALJ did indeed do the latter and found "little support" in the medical records for Dr. Sever's opinions. AR: 30. She explained, in detail, the objective medical evidence she relied on in support of the Final Decision, including any purported conflicts within those records. For example, the ALJ noted that despite MRIs reflecting mild to moderate degenerative changes, there was no high-grade narrowing of the spinal canal (stenosis) to reflect the severity of Plaintiff's pain as she claims. AR: 29. The ALJ also addressed the mixed physical examination findings that reflected Plaintiff occasionally demonstrated reduced range of motion or tenderness of her neck, yet more frequently was found to have a normal range of motion of her neck with no swelling or tenderness. AR: 28-29 (citing AR: 398-99, 423-24, 573-74, 656).

Plaintiff also argues the ALJ incorrectly discounted Dr. Sever's opinion because it was a "one time examination" of the Plaintiff. This is inaccurate. The ALJ clearly stated that although Dr. Sever's opinion was consistent with Plaintiff's subjective reports, she found it unpersuasive because it was "not consistent with the evidence of record as a whole in this case." AR: 30. The ALJ specifically explained that Dr. Sever's limitations for standing, walking, and lifting had little support in the record due to Plaintiff's ability to lift her 13-month-old grandson (weighing 26-30 pounds) and the consistent reports of medical personnel that Plaintiff had normal strength, balance, gait, transfers, and normal range of motion. *Id*. The ALJ also noted that even with diagnostic testing, the findings showed only mild to moderate changes and no specific findings of high-grade central canal stenosis in the neck. *Id*.

The Court has examined the record as a whole and finds substantial evidence supports the ALJ's findings. A majority of Plaintiff's arguments require the Court to re-weigh the evidence, which is not the Court's function here.

### 2. Evaluation of Plaintiff's Subjective Symptoms under SSR 16-3p

Plaintiff alleges the ALJ failed to properly evaluate the credibility of Plaintiff's subjective symptoms under SSR 16-3p. She claims the ALJ rejected the severity of her pain symptoms by listing evidence rather than comparing relevant testimony with the record. And she argues the ALJ's order lacked meaningful discussion of how Plaintiff's testimony contradicts the evidence or how the evidence impacted her determination of Plaintiff's alleged symptoms. The Court is not persuaded.

In determining whether an individual is disabled, under SSR 16-3p, an ALJ is to consider all symptoms, including pain, and "the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." SSR 16-3p. "Symptoms" include "the individual's own description or statement of his or her physical" impairments, but those statements "alone are not enough to establish the existence of a physical or mental impairment or disability." *Id.* Instead, an ALJ is to consider alleged impairment-related symptoms using a two-step process. At step one the ALJ determines "whether the individual has a medically determinable impairment (MDI) that could reasonably be expected to produce the individual's alleged symptoms." *Id.* At step two the ALJ considers "the intensity and persistence of an individual's symptoms such as pain and determine[s] the extent to which an individual's symptoms limit his or her ability to perform work-related activities[.]" *Id.*

In addition, when evaluating the intensity, persistence, and limiting effects of an individual's symptoms, SSR 16-3p guides that the ALJ should also use the factors in 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), which include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *Id.*

It is manifest from the face of the Final Decision that the ALJ carefully followed the correct legal standard outlined in SSR 16-3p when formulating the RFC. Indeed, she specifically stated that "[i]n making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p." AR: 26. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) ("[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter.").

And she clearly did just that. The ALJ outlined the objective medical evidence from the beginning of Plaintiff's alleged disability onset date of September 1, 2020, and took account of Plaintiff's daily activities. AR: 27-30. The ALJ discussed, in detail, how the objective medical evidence was at odds with Plaintiff's alleged disabling pain, and ultimately found the objective evidence did not support the extent of Plaintiff's alleged limitations due to her subjective complaints. AR: 29.

Plaintiff also argues the ALJ mischaracterized her testimony regarding her engagement with her grandchildren, performance of household chores, and attendance at family events, which prejudiced the Plaintiff and led the ALJ to arrive

at an incorrect RFC finding. But, as mentioned above, what Plaintiff refers to as the ALJ's "mischaracterizations" of evidence equates merely to a request that this Court reweigh the evidence—the Court sees no mischaracterizations of evidence in the Final Decision, but instead sees the ALJ's careful weighing of Plaintiff's subjective complaints with the objective medical evidence. *See, e.g.,* AR: 28-29; AR: 397-99, 423-24, 454, 498-99, 573-74, 656.

Plaintiff also asserts the ALJ improperly concluded that Plaintiff's symptoms are not as severe as she alleges due to her conservative treatment. But the ALJ acknowledged she considered all of Plaintiff's treatment that improved her impairments "despite being generally conservative in nature." AR: 28. The ALJ, for example, noted that Plaintiff was referred to physical therapy multiple times, completed home exercises to help alleviate her pain, and was recommended for an epidural injection.

But Plaintiff also claims the ALJ improperly determined Plaintiff saw improvement of her symptoms when Plaintiff's medical records reflect her pain had worsened. Yet, at the hearing and throughout the medical records, Plaintiff reported that taking Tylenol, Aleve, and Flexeril provided some relief from the pain she experienced. AR: 53, 108, 125, 437-38, 443, 448. Though Plaintiff's medical ailments

have not disappeared, the ALJ noted that taking such medication helped alleviate her pain, which was an appropriate consideration.[2]

As a result, it is clear from the face of the Final Decision that the ALJ properly considered and applied SSR 16-3p. And the Court finds the ALJ's analysis under SSR 16-3p is supported by substantial evidence in the record.

*    *    *

For the reasons shared above, the Court is satisfied that the ALJ considered all relevant facts, applied the correct legal standards, and that the record contains substantial evidence from which the Commissioner could properly conclude under the law and regulations that Plaintiff was not disabled within the meaning of Titles II and XVI of the Social Security Act.

---

[2] Plaintiff also argues error because the ALJ noted Plaintiff's ability to attend family events. According to Plaintiff, though she attended a picnic and graduation, "it was not because she was truly able to do so." Dkt. 11 at 23. Be that as it may, the ALJ merely took note of Plaintiff's *ability* to attend such events despite her pain, which factored into her findings in the Final Decision.

Plaintiff claims further error by arguing the ALJ's inclusion of "housekeeper" as one of the jobs in the national economy Plaintiff could perform conflicts with the RFC. Dkt. 11 ECF pp.23-24. Even assuming it was error to include this position, the error was harmless. The ALJ also found the jobs of cashier (250,000 jobs in the U.S.) and routing clerk (78,000 jobs in the U.S.) were jobs existing in significant numbers in the national economy that Plaintiff could perform. AR: 32. Since these two other jobs do not conflict with the RFC findings, substantial evidence in the record supports the ALJ's findings at this step. *See Collier v. Kijakazi*, No. CIV–21–187–JAR, 2022 WL 4377789, at *4 (E.D. Okla. Sept. 22, 2022) ("Since at least one job not in conflict with Claimant's RFC exists in sufficient numbers the ALJ had substantial evidence to support his step five determination. This Court finds no error in the ALJ's step-five determination.").

Accordingly, IT IS ORDERED that the Commissioner's Final Decision is AFFIRMED and this civil action is DISMISSED, with each party paying their own fees and costs.

DATED: December 4, 2024

BY THE COURT:

_____
S. Kato Crews
United States District Judge